UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| COREY LOUIS HINES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:10-CV-1874-FRB |
| ) | |
| LISA J.W. HOLLINGWORTH, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Liberally construing the petition, petitioner seeks to overturn several old municipal traffic convictions, for which he had received and served "various terms of imprisonment." Petitioner claims that he could not have understood the one-year statute of limitations period prior to imprisonment without the effective assistance of counsel. The Court notes that petitioner is currently serving a federal sentence for other charges and is imprisoned in USP Marion.

District courts have jurisdiction to entertain petitions for habeas relief only from persons who are "*in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3) (emphasis added). The custody requirement is fulfilled when a petitioner is in custody "under the conviction or sentence under attack at the time his petition is filed." Maleng v. Cook, 490 U.S. 488, 490-91 (1989).

Where, as is the case here, the sentence under attack has fully expired, the custody requirement is not met. Id. As a result, the Court does not have jurisdiction over the petition, and the Court will dismiss it. See Fed. R. Civ. P. 12(h)(3); Rule 4 of the Rules Governing § 2254 Cases.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to proceed in forma pauperis is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's petition for habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED**.

An Order of Dismissal will be filed with this Memorandum and Order.

Dated this ___15th___ day of October, 2010.

_____
UNITED STATES DISTRICT JUDGE